In re OLYMPIA HOLDING COR-
PORATION, f/k/a P*I*E Na-
tionwide, Inc., Debtor.

Lloyd T. WHITAKER, as Trustee of the
Estate of Olympia Holding Corpo-
ration, Debtor, Plaintiff,

v.

BIKE ATHLETIC COMPANY,
Defendant.

Bankruptcy No. 90–4223–3P7.
Adversary No. 91–01440.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Jan. 12, 1998.

George E. Ridge, Ridge & Latinberg, P.A., Jacksonville, FL, for Plaintiff.

David Evan Otero, Milam, Otero, Larsen, Dawson & Traylor, P.A., Jacksonville, FL, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon Plaintiff's Motion for Summary Judgment on Claim for Unpaid Original Freight Charges and Interest Thereon. After a hearing on December 18, 1997, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Olympia Holding Corporation (Debtor) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 16, 1990. An Order converting the debtor's case to a Chapter 7 case was entered on March 11, 1991.

2. Lloyd T. Whitaker (Plaintiff) was appointed Trustee in the Chapter 11 case, and became the Chapter 7 Trustee after the conversion.

3. Plaintiff filed a Complaint for Turnover of Property and for Money Judgment against Defendant on September 3, 1991.

4. The second amended complaint, filed on September 24, 1997, seeks the turnover of money owed to Plaintiff, plus interest, as a result of unpaid freight services rendered by the debtor to the defendant.

5. On October 17, 1997, the plaintiff filed a Motion For Summary Judgment on Claim for Unpaid Original Freight Charges, seeking $5,025.96, plus prejudgment interest.

6. The defendant filed a Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment on December 12, 1997. The defendant does not dispute Plaintiff's claim for $5,025.96 for unpaid, original freight bills. The defendant argues that prejudgment interest should not be assessed.

7. A hearing on the plaintiff's motion was held on December 18, 1997.[1]

### CONCLUSIONS OF LAW

Plaintiff is entitled to recover $5,025.96 from the defendant for unpaid freight charges. The claim is in the nature of a breach of contract claim, and the Court exercises its discretion to award prejudgment interest to Plaintiff.[2] Plaintiff is entitled to prejudgment interest from the date of shipment at the rate set by 28 U.S.C. § 1961 as of the date of hearing, December 18, 1997 (5.468%). It is,

ORDERED:

1. Plaintiff's Motion for Summary Judgment is granted.

2. The Court will enter a separate judgment in favor of Plaintiff in accordance with this Order.

---

1. The hearing was noticed to defendants who have similar adversary proceedings pending before this Court, and the Honorable C. Timothy Corcoran, III, United States Bankruptcy Judge, Middle District of Florida, Tampa Division. John Cutler and Llamar Smith, counsel for defendants in similar adversary proceedings, were present at the hearing in opposition to Plaintiff's Motion for Summary Judgment.

2. Plaintiff has suggested in his proposed Order and Judgment that prejudgment interest is to be compounded annually in accordance with 28 U.S.C. § 1961(b). This issue was not addressed at the hearing, and the Court declines to compound the prejudgment interest annually.